HANSEN-JENSEN, INC., PLAINTIFF, v. LEVY BROS. OF ELIZABETH, N. J., INC., DEFENDANT.

Submitted October 7, 1941—Decided January 5, 1942.

Before Justices PARKER, DONGES and COLIE.

For the motion, *David T. Wilentz* and *Elias A. Kanter.*

*Contra, John F. Ryan.*

The opinion of the court was delivered by

. DONGES, J.   This motion is to consolidate two actions begun in the Supreme Court, venue in both actions being laid in Union County.

On June 20th, 1941, Levy Bros., Inc., owner of a building in Elizabeth, brought suit against Hansen-Jensen, Inc., a building contractor who engaged to do certain work on said building, and Maryland Casualty Company, surety for Hansen-Jensen, Inc., alleging breach of said building contract.   On July 25th, 1941, Hansen-Jensen, Inc., brought suit against Levy Bros., Inc., alleging breach of the same contract.   This situation therefore appears, that, in the first suit instituted, the owner alleges that the building contractor breached the contract, and that it and its surety are liable in damages therefor.   In the second suit instituted, the building contractor alleges that the owner breached the contract, and that it is liable in damages therefor.   The pleadings and the testimony taken by Levy Bros., Inc., show that the same contract and the same set of facts are involved in both suits.

*R. S.* 2:27-114.1 provides:   "Defendant may, at any time, move to consolidate several actions which are capable of being consolidated."

In *Thorn* v. *Langue,* 122 *N. J. L.* 342, it was said:   "The determinative test is the one prescribed by the legislature:   are the several actions capable of being consolidated?   And those actions are capable of consolidation which clearly involve, as do the two suits here, the same occurrence, the same issues, and the same defenses."

In the instant motion, we have two actions between the same principal parties, involving the question of alleged violation of the same contract between the parties, each plaintiff asserting the other party to the contract was guilty of its breach and should respond in damages therefor.

To avoid vexatious litigation, and to reach a prompt determination of the issues involved, with the least expense and

least encumbering of trial lists, we are moved in the exercise of our discretion to order the consolidation sought.

A rule may be entered consolidating the action brought by Hansen-Jensen, Inc., with the action first begun by Levy Bros., Inc.